UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
APR 23 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

| | |
|---|---|
| BATSAIHAN PURVEEGIIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 07 0737 |
| ) | |
| ALBERTO GONZALES, *et al.*, ) | |
| ) | |
| Defendants. ) | |

### TRANSFER ORDER

Plaintiff currently is detained at the Lackawanna County Prison in Scranton, Pennsylvania, and evidently is awaiting his deportation. He alleges that his detention is unlawful, and demands, among other relief, an award of monetary damages.

Insofar as plaintiff challenges his current detention, the claim sounds in habeas and properly is brought against his custodian in the district where he is detained. *See Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004); *Blair-Bey v. Quick*, 151 F.3d 1036, 1039 (D.C. Cir. 1998) (citing *Chatman-Bey v. Thornburgh*, 864 F.2d 804, 810 (D.C. Cir. 1988)). This Court may not "entertain a habeas petition involving present physical custody unless the respondent custodian is within its territorial jurisdiction." *Stokes v. United States Parole Comm'n*, 374 F.3d 1235, 1239 (D.C. Cir. 2004).

Although plaintiff has named as defendants the President and Vice President of the United States, the Attorney General and the Secretaries of State and Homeland Security, there appears no connection between the events giving rise to plaintiff's claims and this district. Under 28 U.S.C. §1404(a), a court may transfer a case to any other district where it might have been brought "[f]or the convenience of parties and witnesses, in the interests of justice." In considering whether transfer would be proper, the court considers the following factors:

> [T]he convenience of the witnesses of plaintiff and defendant; ease of access to sources of proof; availability of compulsory processes to compel

the attendance of unwilling witnesses; the amount of expense for the willing witnesses; the relative congestion of the calendars of potential transferor and transferee courts; and other practical aspects of expeditiously and conveniently conducting a trial.

*SEC v. Page Airways*, 464 F.Supp. 461, 463 (D.D.C. 1978); *see also Starnes v. McGuire*, 512 F.2d 918, 930-31 (D.C. Cir. 1973) (en banc). Even though a court typically should give deference to a plaintiff's forum choice, it need give substantially less deference when the forum preferred by the plaintiff is not his home forum. *Piper Aircraft v. Reyno*, 454 U.S. 235, 255-56 (1981); *Boers v. United States*, 133 F.Supp.2d 64, 65 (D.D.C. 2001).

The Court concludes that the transfer of this action is in the interest of justice. Resolution of plaintiff's application to proceed *in forma pauperis* is left for the transferee court to decide.

Accordingly, it is hereby

ORDERED that this action is **TRANSFERRED** to the United States District Court for the Middle District of Pennsylvania.

SO ORDERED.

Date: 4/6/07

United States District Judge